### UNITED STATES v. REED.

(District Court, E. D. New York. July 1, 1921.)

1. **Customs duties ⊂⇒129—Master of vessel not subject to penalty for failure to manifest contraband articles.**

    The master of a vessel is not subject to the penalty imposed by Rev. St. § 2809 (Comp. St. § 5506), for bringing into the United States merchandise not shown on his manifest because of the landing from his vessel of smoking opium, not shown in the manifest, and the importation of which is prohibited by Act Feb. 9, 1909 (Comp. St. §§ 8800, 8801).

2. **Customs duties ⊂⇒129—"Merchandise" in collection statutes does not include contraband articles.**

    The word "merchandise," as used in Rev. St. § 2809 (Comp. St. § 5506), imposing a penalty on the master of a vessel for bringing into the United States merchandise not shown on his manifest, is limited in meaning to "goods, wares and chattels * * * capable of being im-

ported," as defined in section 2766 (section 5462), and does not include articles importation of which is prohibited.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

**3. Customs duties ⊙⊃129—Master of vessel not subject to penalty for failure to obtain permit to land contraband articles.**

Rev. St. § 2873 (Comp. St. § 5564), subjecting the master of a vessel to a penalty for unloading merchandise from a foreign port without a permit from the collector, does not apply to an article importation of which is prohibited and for which a permit could not, therefore, be obtained.

At Law. Action by the United States against John Reed to recover penalties. On demurrer to petition. Demurrer sustained.

Leroy W. Ross, U. S. Atty., and Henry J. Walsh, Asst. U. S. Atty., both of Brooklyn, N. Y.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Harry D. Thirkield, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. The United States has brought a civil action against John Reed, captain of the steamer Royal Prince, to collect penalties on two causes of action. The first alleges that the defendant was master of the steamer on January 4, 1921, and that on that day 13 cans of smoking opium were brought into the United States from a foreign port without being included in the manifest, that the value of the merchandise was $650, and that under section 2809 of the Revised Statutes (Comp. St. § 5506) the defendant was liable to pay a penalty of that amount. For a second cause of action it is charged that the defendant, under section 2872 of the Revised Statutes (section 5563), was required to obtain and have a permit from the Collector of Customs in order to unload or deliver from the steamer any merchandise, and that on said day the defendant unloaded and delivered the said 13 cans of smoking opium without such permit, and thereby became liable to a penalty of $400, under section 2873 of the Revised Statutes (section 5564).

[1] Defendant demurs to both alleged causes of action on the ground that facts sufficient are not set forth. The defendant bases his demurrer upon the case of U. S. v. Sischo (D. C.) 262 Fed. 1001, affirmed in the Circuit Court of Appeals for the Ninth Circuit on February 7, 1921, 270 Fed. 958, in which the propositions involved are discussed at length. These opinions, starting with the proposition that smoking opium is not within the list of opium products which can be imported, but is made absolutely contraband or prohibited from importation by Act Feb. 9, 1909 (Comp. St. §§ 8800, 8801) conclude that no penalty can be collected for failure to manifest an article which is not capable of being imported into the United States.

Section 2766, R. S. (section 5462), provides that "merchandise," as used in title 34, "may include goods, wares and chattels of every description capable of being imported." Title 34 has to do with the "col-

lection of duties upon imports." Section 2806, R. S. (section 5503), provides that "no merchandise shall be brought into the United States, from any foreign port, in any vessel unless the master has on board manifest in writing of the cargo, signed by such master." Section 2807, R. S. (section 5504), requires the manifest to contain "a just and particular account of all the merchandise so laden on board," and also "an account of the sea stores remaining, if any."

[2] It is unnecessary to go into a discussion of the various sections and the many cases considered in the two opinions above referred to. The prevailing opinion of the Court of Appeals, like the decision in the court below, holds that merchandise capable of being imported must exclude articles contraband by their nature, as distinguished from articles contraband because smuggled or illegally brought in. In the Court of Appeals a dissenting opinion cites many instances where the word "merchandise" is made to refer to movable personal property or chattels, even though not capable of importation, and holds that the word "merchandise" in sections 2806 and 2807 is not limited merely to the articles which by section 2766 are permitted to be "or may be" classified as merchandise. The words "may be" (section 2766) are exclusive, that is, the permission goes so far and no further. Anything else may not be called "merchandise," so far as the collection of customs revenue is concerned. Should other provisions, useful in aid of collecting revenue, include other "merchandise"?

The statutes relating to smoking opium, like the statutes relating to many other articles made contraband or nonimportable, were enacted subsequent to the original section 2866 and to the originals of sections 2806 and 2807.

The issue, therefore, which was before the court in the Sischo Case, supra, and which must be determined in this case, is whether Congress intended, when it provided that certain articles could not be imported into the United States, to remove them from the category of "merchandise," so far as the collection of duties upon imports was concerned, or whether, on the other hand, Congress intended inferentially to amend or enlarge the statutes such as 2806 and 2807, while not amending or enlarging any of the provisions which defined that merchandise as goods actually capable of importation.

It is evident that no particular consideration of this technical difficulty was had. Congress provided in other sections specific and criminal penalties for the bringing in of contraband or prohibited articles. It also provided that copies of the manifest shall be filed with the collector.

But under the Constitution no person can be compelled to furnish evidence against himself. To compel a man to list or include in a paper to be filed something which would convict him or render him liable to conviction for a crime, and then to collect a penalty from him for failure to give evidence against himself of his commission of a crime, resembles closely the principles involved in prosecutions under the Volstead Law, where defendants have been accused of violating

the internal revenue laws compelling them to register, put up a distillery sign, and pay a tax for the manufacture, etc., of liquor which is prohibited and for which specific penalties and punishments are provided.

In the case of United States v. Boze Yuginovich and another, 255 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, decided by the Supreme Court of the United States on June 1, 1921, it was held that Congress must have necessarily intended to repeal the internal revenue laws in so far as they verbally or literally required performance of acts prohibited as crimes. In the same way it would seem that Congress could not have intended to require the captain of a vessel to make a report to the effect that he was committing a crime against the laws of the United States, in order to avoid liability for a penalty not expressly defined, but only forced out of language which, taken literally, is not broad enough to justify such interpretation.

This makes it unnecessary to base the conclusion upon the proposition that articles which cannot be brought in or disposed of can have no "value" for the purpose of computing the amount of the penalty.

[3] When we come to the second cause of action, a similar question is presented. If the smoking opium cannot be considered "merchandise," then of course no permit to unload "merchandise" could be obtained for the opium, and inferentially the passage of the law making smoking opium contraband has rendered futile (and therefore invalid or inferentially repealed) the provisions as to permits. Again, the criminal statutes cover the act, and the penalty under the customs law is not needed.

It follows from the decision in the Yuginovich Case, supra, that the captain should not be penalized for not obtaining that which he could not obtain. If he unloaded articles or chattels which were not "merchandise" within the sense in which that term is used with respect to permits, he committed a crime and should be punished under other sections rather than that regulating the handling and unloading of articles "capable of importation."

If the captain had no knowledge of the presence of the smoking opium and it is sought to punish him for failing to discover it, it is apparent that in the absence of negligence he should not be penalized. If he had discovered it before reaching the point where a manifest must be ready (section 2811 [section 5508]), he would have been compelled to destroy it rather than to manifest it. If he had no knowledge of importable goods which were being smuggled by the crew, he might be punished for his negligence under section 2806, if the statute be so interpreted, but whether he would thus be liable or not furnishes no solution of the present case.

Demurrer sustained.